IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MARTIN MOLLETTE, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 7:13cv222 |
| v. ) | |
| ) | |
| CAROLYN W. COLVIN, ) | By:  Michael F. Urbanski |
| Commissioner of Social Security, ) | United States District Judge |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on July 7, 2014, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff David Martin Mollette, III, has filed objections to the report, the Commissioner has responded, and this matter is now ripe for the court's consideration.

### I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that

> was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the state directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations t*o which to which objection is made.*'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F.

2

App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("'[T]he statute does not require the judge to review an issue de novo if no objections are filed'").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of [his] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple []he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.

Mollette raises several general objections to the report and recommendation: (1) that substantial evidence supports the Commissioner's decision; and (2) that the Administrative Law Judge's (ALJ) credibility assessment is supported by substantial evidence. The Commissioner is correct in asserting these general objections mirror the arguments made by Mollette in his motion for summary judgment. Indeed, portions of Mollette's objections consist of a verbatim recitation of the arguments raised in his summary judgment brief. To the extent Mollette is simply reiterating his previously-raised arguments about how and why the ALJ erred, the court need not address such improper objections. Mollette does, however, make certain specific objections to the findings of the magistrate judge, which are addressed below.

# III.[1]

First, Mollette argues that the magistrate judge "erroneously held that the ALJ properly accounted for plaintiff's trigeminal neuralgia by limiting him to medium work with frequent postural activities and no exposure to hazards." Pl.'s Obj., Dkt. # 23, at 1-2. According to Mollette, these limitations do not account for the effects of his impairments—specifically, pain and fatigue. Id. at 2. But as the magistrate judge correctly noted, the medical evidence in this case is sparse and the records "do not provide an evidentiary basis to corroborate [Mollette's] subjective allegations that he is incapable of performing medium work." Report & Recommendation, Dkt. # 22, at 7. No doctor has opined that Mollette is unable to work and, in fact, the reviewing state agency physicians determined that Mollette can perform a range of medium work. (Administrative Record, hereinafter "R." 52-59, 61-70.) The state agency physicians acknowledged that Mollette may experience some pain and fatigue due to his impairments; however, they found that he has "no significant inability to move about, severe muscle weakness, or nerve damage which would prevent [him] from performing [his] usual activities" (R. 59), and that his trigeminal neuralgia is controllable with medication (R. 70). The medical evidence supports this finding. Treatment notes reflect that Tegretol helps with neuropathy pain (R. 258), and Mollette's dosage was adjusted as needed to deal with breakthrough pain (R. 261). A motor and sensory examination was normal and he was noted to have no abnormal movements. (R. 261.) Nothing in the medical records suggests that Mollette's pain and fatigue render him incapable of performing the range of medium work determined by the ALJ.

Mollette argues that he has had scant treatment due to his limited finances, and the court should accept his representations as to the extent of his pain and fatigue given the lack of medical evidence. However, a claimant's statements alone are not enough to establish a physical or mental impairment. 20 C.F.R. §§ 404.1528(a), 416.928(a). Subjective evidence cannot take precedence over

---

[1] Detailed facts about Mollette's impairments and medical and procedural history can be found in the report and recommendation (Dkt. # 22) and in the administrative transcript (Dkt. # 8). As such, they will not be repeated here.

4

objective medical evidence or the lack thereof.  Craig v. Chater, 76 F.3d 585, 592 (4th Cir. 1996). Plainly, the medical evidence in this case does not support the degree of limitation from which Mollette claims to suffer; there is no indication whatsoever in the limited medical records that Mollette experiences debilitating pain and fatigue.  Nor does the remainder of the record evidence suggest Mollette is incapable of performing a range of medium work.  Mollette himself testified that medication keeps pain to a minimum.  (R. 40.)  Additionally, he is only mildly limited in his daily activities.  Mollette states he works for a friend cleaning up a garage two to four hours a day, two to three days per week.  (R. 36.)  He cooks, does yard work, walks the dog, and drives.  (R. 42-43.)  He is able to do laundry and dishes (R. 180) and shop for groceries (R. 181).

The ALJ was not required to accept Mollette's representations as to the limiting effects of his impairments without evidence to support them.  The ALJ conducted a proper credibility analysis in this case and determined that Mollette's statements concerning the effects of his impairments were not credible to the extent they are inconsistent with the ALJ's RFC determination.  Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations.  See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir.1989)).  Mollette gives the court no reason to disturb the ALJ's credibility determination here.  See Johnson v. Barnhart, 434 F.3d 650, 658–59 (4th Cir. 2005) (per curiam) (citing Craig, 76 F.3d at 589).

Mollette also objects to the magistrate judge's finding that his unremarkable physical examinations lend support to the ALJ's determination that he can perform medium work.  Mollette argues that pain stemming from trigeminal neuralgia is not revealed on physical examination.  But

5

Mollette claims to be physically limited in myriad ways.  For instance, Mollette states he has difficulty standing and needs to lie down anywhere from three to eight times per day.  (R. 41.)  He also indicates that he has difficulty lifting, squatting, bending, standing, reaching, walking, stair climbing, hearing, and seeing.  (R. 183.)  He claims to be able to lift only 15 pounds, stand for only 20 to 30 minutes, and walk 10 to 15 minutes before resting.  (R. 183.)  Physical examinations are thus relevant in terms of assessing whether there is medical support for these physical limitations.  While trigeminal neuralgia pain itself may not be perceptible upon physical examination, one would expect the limiting extent of that pain— especially the extent Mollette alleges here— to be documented in the medical records.  It is not.

At the end of the day, it is not the province of a federal court to make administrative disability decisions.  Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability.  See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).  To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record.  Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992).  Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial.  Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).  Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance.  Perales, 402 U.S. at 401; Laws, 368 F.2d at 642.  If the Commissioner's decision is supported by substantial evidence, it must be affirmed.  42 U.S.C. § 405(g); Perales, 402 U.S. at 401.  In this case, substantial evidence plainly supports the ALJ's decision.

6

## IV.

The court has reviewed the magistrate judge's report, the objections to the report, the Commissioner's response, and the pertinent portions of the administrative record and, in so doing, made a <u>de</u> <u>novo</u> determination of those portions of the report to which Mollette objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: July 24, 2014

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge